# Flournoy *v.* Burke *et al.*

*The writ of error must be in the name of all of the defendants. If one party wishes to prosecute, he must bring the writ in the name of all the defendants, and if the others will not join in assigning errors and prosecuting the suit, he may then have a summons, and severance will be allowed, if the other parties still refuse to prosecute.*

ERROR from the Circuit Court of the county of Madison.

On motion.

*Per Curiam.*

The circuit court of Madison county rendered judgment against S. M. Flournoy, John H. Walker and Warner W. Wadlington. Flournoy alone petitioned to the clerk for a writ of error to reverse the judgment, which was issued in his name alone, leaving out the names of the other defendants. When the record was returned, he moved for a summons, and to be permitted to sever. Leave was granted to the other defendants to join in prosecuting the writ of error on their entering into bond, which has not been given, and now Flournoy moves to be permitted to prosecute alone, and the defendants in error move to dismiss the writ of error.

On examining the question here presented, we find that the authorities speak but one language. Wherever there are more defendants than one, all of their names must be in the writ of error, or it will be quashed. If one party alone wishes to prosecute, he may do so, but the writ must be in the name of all; and when the case is brought up, if they will not join in assigning errors and prosecuting the suit, he may then have a summons, and severance will be allowed, if the others refuse. So inflexible is the rule that all who were defendants must be made parties, that, even if one should die, his name must still be inserted, and his death alleged. An exception to this rule is, where there is no judgment against one of the defendants; then of course he need not be joined. 2 Sellon's Practice, 404. 1 Archbold's Practice, 232–3. 1 Wilson, 88.

The propriety of amending the writ of error, suggested itself, but even this cannot be done. There is, therefore, no alternative but to quash the writ.